IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ACRECIOUS MCGILL,                       )
                                        )
            Plaintiff,                  )
                                        )
      v.                                ) Civil Action No. 07-839-SLR
                                        )
WARDEN RAPHAEL WILLIAMS,                )
et al.,                                 )
                                        )
            Defendants.                 )

**MEMORANDUM ORDER**

At Wilmington this 19th day of February, 2008, having screened the case pursuant

to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B), for the reasons that follow:

1. **Background**. Plaintiff Acrecious McGill ("plaintiff"), filed this civil rights and

discrimination action on December 21, 2007. (D.I. 2) He appears pro se and has been

granted leave to proceed in forma pauperis. (D.I. 4)

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B)

provides that the court may dismiss a complaint, at any time, if the action is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief. An action is frivolous if it "lacks an

arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

3. In performing the court's screening function under § 1915(e)(2)(B), the court

applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa.

Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court

must accept all factual allegations in a complaint as true and take them in the light most

favorable to plaintiff. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007);

Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short

and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" Bell Atl. Corp. v. Twombly, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting Conley

v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

 4. A complaint does not need detailed factual allegations, however "a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a

right to relief above the speculative level on the assumption that all of the allegations in

the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is

required to make a "showing" rather than a blanket assertion of an entitlement to relief.

Phillips v. County of Allegheny, –F.3d–, No. 06-2869, 2008 WL 305025, at *5 (3d Cir.

2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the

requirement that he or she provide not only "fair notice," but also the "grounds" on which

the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n. 3.) Therefore, "'stating . . . a

claim requires a complaint with enough factual matter (taken as true) to suggest' the

2

required element." Phillips v. County of Allegheny, 2008 WL 305025, at *6 (quoting

Twombly, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at

the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable

expectation that discovery will reveal evidence of' the necessary element." Id.

Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint,

"however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers. Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007)

(citations omitted).

     5. **Discussion**. Plaintiff was an inmate housed at the Howard R. Young

Correctional Institution ("HRYCI"). While not completely clear, it appears his allegations

stem from his incarceration. He filed his complaint on December 21, 2007 and, at that

time, was no longer incarcerated. He names twenty-six individuals as defendants,

ranging from the warden at HRYCI, to correctional officers, to medical personnel. (D.I.

2) The complaint alleges, generally, violations of the Civil Rights Act of 1964 and

discrimination based upon "sex, race, disability, prisoner." (Id.) Hence, it appears

plaintiff raises claims pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities

Act.

     6. The complaint states that plaintiff filed charges with the New Castle

department of police regarding defendants' alleged discriminatory conduct on July 27,

2005. (D.I. 2 ¶ 6) Attached to his complaint is a "statement of claim" for the alleged acts

dating from November 4, 2004 through January 11, 2005. (Id., ex.)

     7. **Statute of Limitations**. All of plaintiff's claims are barred by the statute of

limitations period.  To the extent plaintiff alleges a § 1983 claim, there is a two year

statute of limitations period for § 1983 claims.  See 10 Del. C. § 8119; Johnson v.

Cullen, 925 F. Supp. 244, 248 (D. Del. 1996).  Section 1983 claims accrue "when

plaintiff knows or has reason to know of the injury that forms the basis of his or her

cause of action."  Id.  Claims not filed within the two-year statute of limitations period are

time-barred and must be dismissed.  See Smith v. State, Civ. No. 99-440-JJF, 2001 WL

845654, at *2 (D. Del. July 24, 2001).

    8.  To the extent that plaintiff raises a claim under the ADA, such claims under

Title II of the ADA, 42 U.S.C. § 12132, are governed by the state statute of limitations for

personal injury claims.  Foster v. Morris, 208 Fed. Appx. 174 n.3 (3d Cir. 2006) (citing

Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003).  In Delaware, a

plaintiff must bring a cause of action within two years of the injury giving rise to the

alleged violations.  See 10 Del. C. § 8119; Johnson v. Cullen, 925 F. Supp. 244, 248 (D.

Del. 1996).

    9.  The statute of limitations is an affirmative defense that generally must be

raised by the defendant, and it is waived if not properly raised.  See Benak ex rel.

Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 n.14

(3d Cir. 2006); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1167 (3d Cir. 1986).

"[W]here the statute of limitations defense is obvious from the face of the complaint and

no development of the factual record is required to determine whether dismissal is

appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible."  Smith v.

Delaware County Court, No. 07-4262, 2008 WL 101743 (3d Cir. Jan. 10, 2008);

4

Wakefield v. Moore, 211 Fed. Appx. 99 (3d Cir. 2006) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).  The statement of claim lists the dates of the alleged acts from November 4, 2004 through January 11, 2005, and in the complaint plaintiff alleges he filed charges with the police department on July 27, 2005.  Giving plaintiff the benefit of the doubt, the last date of any pertinent act is July 27, 2005.  Regardless, plaintiff filed his complaint on December 21, 2007, approximately five months after the expiration of the limitations period.  Hence, it is evident from the face of the complaint that plaintiff's claims are barred by the two year limitations period.  Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

10. **Conclusion**.  Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim upon which relief may be granted as it is barred by the statute of limitations period pursuant to 28 U.S.C. § 1915(e)(2)(B).  Amendment of the complaint would be futile.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004);  Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976).

UNITED STATES DISTRICT JUDGE